AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

United States of America )
v. )
) Case No.   10-00266-CB
Nathan Allen Railey )
*Defendant* )

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another  person or  the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

☐     under 18 U.S.C. § 924(c).

☐ (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)     There is a serious risk that the defendant will not appear.

☒ (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure defendant's proceedings at future court proceedings or ensure the safety of the community. Defendant is currently unemployed and has limited financial resources. Defendant's employment history is sporadic. He has lived in Mobile for approximately 2 years and at his current residence for one month. Although defendant has no prior convictions, he has a history of numerous encounters with law enforcement spanning from 1994 to present. Except for his brother, who resides in Mobile, defendant's extended family resides outside the state, primarily in Oklahoma. Based on this and the nature of the instant charges there is a preponderance of evidence that defendant may flee the jurisdiction. Detention is further warranted based upon the nature of the offense, the possible penalty if convicted and the circumstances surrounding this indictment. There was information presented that some of the images made the basis of the indictment may be defendant's step children (girls ages 13 and 9). Defendant's brother was offered as a third party custodian; he resides with his wife (who the brother represented to the court would allow defendant to reside temporarily in her home) and their two minor children- an 8 year old boy and an eleven year old girl. Defendant reports a history of drug abuse for which he completed a 30 day treatment program and states that he continues to suffer from depression, anxiety and panic attacks. Based on the nature of the offense, defendant's prior drug use and mental status, the court finds that there are no conditions or combination of conditions that will reasonably ensure the safety of the community. Defendant is ordered detained pending trial.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:   December 13, 2010

s/KATHERINE P. NELSON

*Judge's Signature*

UNITED STATES MAGISTRATE JUDGE

*Name and Title*

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a)