IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CR. 10-00266-CB |
| | * | |
| **NATHAN ALLEN RAILEY** | * | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR DISCOVERY AND MOTION FOR
RELEASE OF BRADY MATERIALS**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and in response to Railey's Motion for Discovery and Motion for Release of Brady Materials, says as follows:

The United States has, consistent with office policy and the Court's Local Rules, provided all material subject to Rule 16, Fed. R. Crim. P., of which it is aware, and which are in its possession. This includes at least two disclosures of additional discovery that were turned over after the initial discovery packet was provided at arraignment. There is at least one additional report- a report on the contents of a cellular telephone- that was generated yesterday and that must be redacted prior to disclosure to Railey.

The United States is in the process of copying and making available for Railey's expert forensic copies of the two hard drives analyzed in the case, and these should be available by the end of the day. Arrangements have been made to have Railey's expert review this evidence next week. Part of this data includes the Windows registry files demanded by Railey in paragraph

1

10(p).  The United States will provide the qualifications of its expert witnesses pursuant to Fed. R. Crim. P. 16(a)(1)(G) as soon as current curriculae vitae are received from the experts.

Many of the specific demands Railey makes are duplicative ("all videos and photographs taken at the time evidence was seized by the government" and "all videos and photographs in possession of the government that in anyway [sic] concern this case"), overbroad and irrelevant ("records of the Mobile, Tulsa and State of Oklahoma Police Department of Corrections and the Federal Bureau of Prisons with respect to the defendant"); not subject to discovery ("names and addresses of all witnesses known to the Government who have knowledge of the facts of the case") or incomprehensible ("[w]ritten or recorded statements made concerning this case by any persons who are prospective government witnesses and who are not prospective government witnesses").  The rest of the demands for discovery and Brady material are a laundry list of possible materials that might exist, might be discoverable, or might constitute Brady material.

Because the evidence in this case was handled by at least three separate law enforcement jurisdictions, the undersigned is meeting with the lead FBI agent and lead MPD detective on this case to ensure all potentially discoverable and Brady information is turned over, and to respond to specific requests made by Railey.  The United States is acutely aware of its discovery obligations, and will continue to provide such information in accordance with its continuing obligations under Rule 16, the Jencks Act, and Brady.

Respectfully Submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: /s/ Sean P. Costello
Sean P. Costello (COSTS3753)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5277
E-mail: sean.costello@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for defendant.

/s/ Sean P. Costello
Sean P. Costello
Assistant United States Attorney