IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR. 10-00266-CB-N |
| | * | |
| NATHAN ALLEN RAILEY | * | |

**UNITED STATES' MOTION IN LIMINE**

COMES NOW, the United States of America by and through its attorney, the United States Attorney for the Southern District of Alabama, Kenyen R. Brown, and moves that this Honorable Court enter an Order *in limine* that the defendant, his counsel, and his witnesses, refrain from mentioning, directly or indirectly, certain matters before the jury, as follows:

**I.  REFERENCE TO PENALTY**

References to the possibility of imprisonment or other references to penalties that may be imposed, and any other attempts to appeal to the jury's sense of sympathy and pity in opening or closing argument are improper and impermissible.  The Supreme Court has noted that "it is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 91994).  "Information regarding the consequences of a verdict is...irrelevant to the jury's task.  Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.*  Further, in a federal habeas review, the Supreme Court upheld a state trail court's finding of summary contempt of defense counsel for raising possible punishment before the jury. *Pounders v. Watson*, 521 U.S. 982, 117 S. Ct. 2359, 138 L. Ed. 2d 976 (1997).

Accordingly, the United States respectfully requests that the Court enter an Order precluding defendant from mentioning, directly or indirectly, during opening statements, closing arguments, or from eliciting evidence or testimony from any witness concerning any punishment or penalties that may be imposed in the instant case.

## II. EVIDENCE OF PRIOR NON -CRIMINAL CONDUCT AND CHARACTER WITNESSES

The United States expects that defendant may, in opening statement or in closing argument, or through the presentation of evidence, refer to certain instances of prior non-criminal conduct. Such prior non-criminal conduct could include evidence of a defendant's lack of a criminal history, church attendance, past good acts, deeds, or works not pertinent to the claims and defenses in this action. Such evidence is wholly irrelevant to the case at bar, and would amount to impermissible evidence of specific instances of conduct of character of the accused, which is prohibited by Fed. R. Evid. 405(b).

It is settled law in this Circuit that, "[e]vidence of noncriminal conduct [introduced] to negate the inference of criminal conduct in generally irrelevant." *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978). *See, e.g., United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983)(trial judge acted within his discretion in excluding testimony by which defendant sought to introduce evidence of specific, unrelated, good acts to prove that "he was a good county commissioner."); *Steinberg v. United States*, 162 F.2d 120, 124 (5th Cir. 1947)(upholding the exclusion of general evidence of the defendant's "honesty and accuracy in business, that he was charitable.").

Similarly, any presentation of character witnesses should always be limited. It is only in

cases in which a person's character is "an essential element of a charge, claim or defense" may specific instances of conduct of character of the accused be admitted. *Id.* The essential elements of the charges in the instant action do not include the character of th accused. As observed by the Eleventh Circuit in *Schafer v. Time, Inc.,* 142 F.3d 1361, 1371-72 (11th Cir. 1998):

> Character evidence does not constitute an "essential element" of a claim or charge unless it alters the rights and liabilities of the parties under the substantive law. *See United States v. Keiser*, 57 F.3d 847, 856 & n.20 (9th Cir. 1995); *Perrin v. Anderson*, 784 f.2d 1040, 1045 (10th Cir. 1986)(citing *McCormick on Evidence § 187 at 551 (3d ed. 1984)). Our determination of whether character constitutes an essential element required us to examine the "authoritative statutory or common law statement of the elements of the prima facie case and defenses." *Keiser*, 57 F.3d at 856 n.20. The advisory committee's notes to the Federal Rules of Evidence provide two examples in which character evidence constitutes such an essential element: "[1] the chastity of a victim under a statute specifying her chastity as an element of the crime of seduction, or [2] the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." Fed.R. Evid. 404(a) adv. Comm. Note (explaining that Rule 404 does not exclude such evidence because it is not offered to prove conduct consistent with character). In addition to these examples, a charge of defamation or libel commonly makes damage to the victim's reputation or character an essential element of the case. *See e.g., Johnson v. Pistilli*, No. 95 C 6424, 1006 WL 587554 (N.D. Ill. Oct 8, 1996)("It is rare that character is an essential element. The typical example of such a case is defamation where injury to reputation must be proven."). . . .
>
> *See Also French v. United States*, 232 F.2d 736 (5th Cir. 1956)(Defendant's military

service record "not admissible because it was not permissible to show good character by evidence of particular and specific fact, such as battle citations and the awarding of the Purple Hear."); *United States v. Marerro*, 904 F.2d 251, 260 (5th Cir. 1990), *reh'g. Denied*, 909 F.2d 1479 (1990), *cert. Denied*, 498 U.S. 1000, 111 S. Ct. 561, 112 L.Ed. 2d 567(1990)(Tactic of "us[ing] specific acts circumstantially to prove lack of intent . . . is not only disfavored, it is not permitted under Rule 405(b).  Additionally, the evidence of specific acts of good character which [defendant] sought to admit into evidence was irrelevant to the charges contained in the indictment" because "the fact that [defendant] did not [violate the law] in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, [violated the law] as alleged in the indictment.").

 Accordingly, the United States respectfully requests that the Court enter an Order precluding defendant from mentioning, directly or indirectly, during opening statements, closing arguments, or from eliciting any testimony from any witness concerning any specific instances of prior non-criminal conduct, including any lack of prior criminal history to demonstrate his lack of motive or intent to possess or produce child pornography.  Additionally, the United States requests that the number of character witnesses be limited to pertinent character trails or reputation for truthfulness, should the defendant testify.

### III. CONCLUSION

 WHEREFORE, the United States respectfully moves that this Court enter an Order *in limine* prohibiting defendant, his counsel, any agent and any witness, from mentioning, directly or indirectly, any of the above matters.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY
by:

s/Maria E. Murphy
Maria E. Murphy(MURPM8440)
United States Attorney's Office
63 So. Royal Street, Suite 600
Mobile, Alabama 36602
Tel: (251) 441-5845
Fax: (251) 441-5131
E-mail:maria.murphy@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on January 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel for the defendant.

s/Maria E. Murphy
Maria E. Murphy
Assistant United States Attorney