IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § | |
| VS. | § § | Case No: 1:10-CR-266 CG |
| NATHAN RAILEY | § § | |
| Defendant. | § § | |

### BRIEF IN SUPPORT OF MOTION TO COMPEL

COMES NOW Defendant, Nathan Railey, by and through undersigned counsel, and files his Brief in Support of Motion to Compel, and as grounds in support thereof, Defendant states as follows:

1. The Government has obtained a superseding indictment accusing the Defendant of child pornography.

2. The Government intends to use in its case in chief sms text messages allegedly sent by the Defendant to the mother of the alleged victims.

3. The FBI inventoried this phone and a forensic analysis was prepared, the report given to the Defendant.

4. This phone is an electronic device that was forensically examined by the government. Said results of the "forensic examination" are sought to be introduced in the Governments case in chief.

5. Despite the fact that Government has taken the position that Defendant's expert is entitled to conduct its own forensic examination on every device examined by it thus far, including, but not limited to cameras, flash drives, computer hard drives, movie cameras etc.; however, the Government is now suggesting that Defendant be denied the ability to do so on this device.

6. The Defendant's ability to conduct its own examination is absolutely critical and material to its case. The report generated by the Government is self-serving at best

and contains no indica of its reliability. Many of the sms messages that appear to be detrimental to the Defendant are contained in the "Draft" folder. How can a draft message alleged authored by Defendant be found on someone else's phone? The answer is simple, without an examination of the metadata its impossible to tell when and/or who drafted the messages and whether or not the messages were even sent. Some of the messages contained in the report have dates listed when the Defendant was incarcerated.

7. Even worse, the Government's report specifically excludes exculpatory evidence. The majority of the messages, approximately 91%, contained therein are messages supposedly authored and/or drafted by the Defendant. The government chose not to provide the messages sent to the Defendant by his wife. Hence, you are left with a one-sided conversation thereby preventing the Defendant to explain the context of the messages.

8. "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." **United States v. Coppa, 267 F.3d 132, 146 (2d Cir. 2001).** The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective [*28] use." *Id. at 144*. With respect to impeachment material that does not rise to the level of being **Brady** material, such as **Jencks** statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. **See 18 U.S.C. ß 3500; Fed. R. Crim. P. 26.2; In re United States, 834 F.2d 283 (2d Cir. 1987).**

9. The Government's position directly contravenes the very text of Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, which provides, *inter alia*: "Upon a defendant's request, the government ***must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items***, if the item is within the government's possession, custody, or control". *Emphasis added.*

10. "No doubt, technically, it may be stated that the granting of relief to the movant under *Rule 16(a)* is still a matter within the discretion of the court, nevertheless it also appears under the present interpretation of *Rule 16(a)* if the motion is in

proper form and timely made, a denial of the motion would be an abuse of discretion. Indeed, this court has stated in *United States v. Isa, 413 F.2d 244, 248 (7th Cir. 1969)*, that a defendant has "the right to an order" permitting him to inspect under *Rule 16(a)* absent a showing by the government under 16(e) dealing with protective orders. This court in *Isa* (at p. 248) quoted with approval from *United States v. Projansky, 44 F.R.D. 550 (S.D.N.Y. 1968)*, "it is wholly different, and wholly unsupportable, to say the Government may sit back, invoke the old generalities, and conceal from the defendant unless the defendant shows some kind of 'particularized need' almost never identified by the prosecution because it is almost never possible to imagine, let alone reply."[1]

11. There can be no dispute the cell phone is a tangible object that contains data that was analyzed by the government to be used in its case in chief. Hence, the Government has a duty to make this device "reasonably available" to the Defendant.

12. The best review of all the positions taken by the various circuits in child pornography cases is **United States v. Winslow[2]**.

> "Winslow correctly argues that under constitutional jurisprudence he is entitled to access to evidence. *See California v. Trombetta, 467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984)* (citing *United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982))*(stating that to safeguard a criminal defendant's right to be afforded a meaningful opportunity to present a complete defense, the Court has developed "'what might loosely be called the area of constitutionally guaranteed access to evidence'").
>
> The Walsh Act became effective on July 27, 2006. Prior to that date, *Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure* governed whether or not the prosecution provided the defense team copies of hard drives containing alleged child pornography.
>
> The Government provides ample opportunity for inspection, viewing, and examination at a Government facility" of the material by the defense team. *Id.* Therefore, according to the court, if the Government does not provide "ample opportunity" to analyze the

---

[1] **United States v. Cook** *432 F.2d 1093 (2nd Cir. 1970).*
[2] *2008 U.S. Dist. LEXIS 66855.*

material at a Government facility, the court can order the Government to provide a copy to the defendant. *Id.* The court concluded that "ample opportunity" is coterminous with the requirements of due process because it requires the Government to provide defendants the same access to material that due process mandates, otherwise the court can order the Government to give the defense team a copy of the hard drive. *Id. at 1055-56.*"[3]

13. In addition thereto, The Jencks Act and *Federal Rule of Criminal Procedure 26.2*1 require the Government to disclose prior recorded statements of its witnesses after they testify.

14. In ***United States v. Suarez***[4], the Court squarely addresses the question as to whether messages are discoverable and answered in the affirmative. In fact, the Court stated that the FBI agent should have known that text messages between the agent and a prospective witness were discoverable and the fact the agent deleted some of the messages was spoliation of evidence.

15. Lastly, the Defendant was under the mistaken impression that the hearing on this motion was to be held today. Hence, his expert was present to give testimony and should Court need testimony, Defendant wishes to present his expert to elicit testimony in support of this motion.

WHEREFORE, above premises considered, Defendant respectfully prays this Honorable Court Order the Government to produce the phone or a forensic image for examination.

Respectfully Submitted,

BY: /s/ **H. Chase Dearman**

H. CHASE DEARMAN (DEA032)
Attorney for Plaintiff

OF COUNSEL:

DEARMAN LAW FIRM P.C.

---

[3] *2008 U.S. Dist. LEXIS 66855.*
[4] *2010 U.S. Dist. LEXIS 112097.*

Attorneys at Law
50 St. Emanuel Street
Mobile, Alabama 36602
(251) 445-6997
(251) 445-6996 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that this Motion was electronically filed with the foregoing Clerk of the Court using the CM/ECF system that will send notice to all attorneys of record this 28th day of January 2011.

/s/ H. Chase Dearman
OF COUNSEL