IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CR. 10-00266-CB |
| | * | |
| **NATHAN ALLEN RAILEY** | * | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO COMPEL**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and in response to Railey's Motion to Compel (Doc. 26), his supplement to his motion to compel (doc. 35), the Court's order of January 24, 2011 (Doc. 49), and Railey's brief in support of his motion and supplement (Doc. 59) says as follows:

Notwithstanding Railey's inaccurate characterizations of the United States' position on the matter, the objections the United States raised to inspection of the cell phone are technical, not legal. The critical distinction between a cellular telephone and a computer hard drive is that a physical, bit-for-bit copy (which is to say, in forensic terms, an image) can be made of a hard drive. This copy contains exactly the same data in exactly the same configuration as the original device. Therefore, exams can be made of the data without altering or even working with the original evidence. Because cellular telephones are much more than data storage devices, it is not always possible to produce a physical, bit-for-bit forensic image of a telephone.

The United States is unaware of any method to create a physical, bit-for-bit image of the

1

LG CU920 cellular phone at issue. Gus Dimitrelos, a cellular telephone forensics expert, was consulted about this issue. According to Mr. Dimitrelos, who consulted with engineers who manufacture the Cellebrite cellular forensic hardware, there is currently no way to produce a physical, bit-for-bit image of this telephone handset. Thus, the United States has not agreed to provide an image or copy of the telephone.

Given the inability to produce a forensic image of the telephone handset, the only other alternative would be to provide Railey's expert with access to the handset itself, which constitutes original evidence in the case. The United States is obviously interested in maintaining the original evidence and preserving the data. To that end, Railey has not identified what examinations he proposes to do, what hardware or software he intends to use, who would perform the exam, or what their qualifications to do the exam might be. The United States does not object to allowing Railey's expert to examine the handset and perform an analysis of it, so long as the examination and analysis are performed in a manner that will preserve the original evidence.

Further complicating the situation is that counsel for the United States learned yesterday afternoon, January 31, 2011, that the handset itself was returned to the owner after the FBI extracted the data on December 27. Counsel for the United States had believed that the phone was kept in evidence by the FBI following the exam, but the owner has agreed to voluntarily return the phone to the FBI to enter into evidence this Friday and the United States will work with Railey's counsel and expert to arrange a time for the examination.

Respectfully Submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: /s/ Sean P. Costello
Sean P. Costello (COSTS3753)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5277
E-mail: sean.costello@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 1, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for defendant.

/s/ Sean P. Costello
Sean P. Costello
Assistant United States Attorney

3