IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | Case No: 1:10-CR-266 CG |
| NATHAN RAILEY | § | |
| | § | |
| Defendant. | § | |

### NOTICE TO THE COURT OF WITNESS INTIMIDATION AND MOTION FOR A HEARING FOR A PROTECTIVE ORDER

COMES NOW Defendant, Nathan Railey, by and through undersigned counsel, and files this Notice with the Court of Witness Intimidation and in addition, files his Motion for a Hearing and/or conference for a Protective Order, and as further grounds in support thereof, Defendant states as follows:

1. The Defendant's Expert is currently a police officer and has been with the Homewood Police Department for over twenty-two (22) years.[1] His record as an officer is exemplary.

2. In addition thereto, said Expert has over a decade of experience as a computer forensic examiner and has been previously qualified as expert in such field in other cases.

3. Within the past twenty-four hours, the Defendant's Expert learned that someone called his shift commander and inquired, "do you know that one of your officers works to defend sex offenders" and further stated, "[I] thought your department would want to know about the dealings of its officers".

4. Upon information and belief, this same person contacted the shift commander's son who is an Assistant District Attorney in Shelby County,

---

[1] Due to the threats the Defendant's expert has recently received, his name is intentionally withheld.

|     | |
| --- | --- |
|     | Alabama, disclosing the same information. |
| 5.  | This is an obvious attempt to intimidate a key witness for defense. One can logically infer that the caller believed the department would pressure the Defendant's expert to either cease his work on the case or at the least, not vigorously pursue his findings. |
| 6.  | To the best of undersigned counsel's knowledge, there has been no public disclosure of the identity of the Defendant's expert, much less the identity of his department. |
| 7.  | Since there has been no public disclosure of the Expert's identity, it is logical to infer that the said caller has something to do with this case and most likely has a law enforcement background. How would an ordinary citizen be saavy enough to locate this information, know to call the Expert's shift commander and the shift commander's son? |
| 8.  | One could understand why someone supporting the prosecution would seek to silence the Defendant's expert. The Defendant's expert has found that the evidence subject of the indictment was tampered with by the Mobile Police Department, exculpatory evidence was destroyed, and that almost none of the protocols in place to protect the chain of custody were observed. |
| 9.  | As the litigation in this case continues, the amounts of evidence steadily increase that shows that the police tampered with evidence & ignored the chain of custody. |
| 10. | Accordingly, the Defendant's expert must be free to conduct his examination and publish his findings without fear of retribution for doing what he is supposed to do. |
| 11. | If the Defendant's expert and other witnesses are subject to intimidation, to-wit: fear of losing his job or the promise of future promotions for simply telling the truth, the Defendant's due process rights inured to him by the 5th Amendment will be violated. |
| 12. | Even worse, this kind of behavior neither seeks justice nor the truth. As the Greek stoic Epictetus once stated "If you seek truth you will not seek victory by dishonorable means". Cowardly threats and intimidation are |

penultimate examples of seeking victory through dishonorable means. This conduct runs afoul of everything this great country stands for.

WHEREFORE, above premises considered, Defendant respectfully requests this Court conduct a hearing and/or conference[2], order the matter to be further investigated and afterwards, to enter a protective order to protect the Defendant's Expert from further threats and intimidation.

                                                                                            Respectfully Submitted,

                                                          BY: **/s/  H. Chase Dearman**
                                                                H. CHASE DEARMAN (DEA032)
                                                                Attorney for Plaintiff

OF COUNSEL:

DEARMAN LAW FIRM P.C.
Attorneys at Law
50 St. Emanuel Street
Mobile, Alabama 36602
(251) 445-6997
(251) 445-6996 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that this Motion was electronically filed with the foregoing Clerk of the Court using the CM/ECF system that will send notice to all attorneys of record this 2nd day of February 2011.

                                                                         /s/ H. Chase Dearman
                                                                         OF COUNSEL

---

[2] The Defendant lists both hearing and/or the more informal conference due to the fact that the Defendant has exhausted his funds and every time the Defendant's Expert is required to travel to Mobile, Alabama it costs the Defendant thousands of dollars. However, the Defendant will abide by whatever method the court sees fit to order.