IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR. 10-00266-CB |
| | * | |
| NATHAN ALLEN RAILEY | * | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS SUPERSEDING INDICTMENT**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and in response to Railey's Motion to Dismiss the Superseding Indictment (Doc. 62), submits that the motion is due to be denied.

Railey's motion is festooned with allegations, musings, rhetorical questions, and references to yet-unfiled motions that promise "elaborately delineated" factual recitations, but in the end, it is much sound and fury signifying nothing. Though he plainly is personally outraged by his prosecution, his claim of outrageous government conduct is misplaced and without merit. The "defense"[1] of outrageous government conduct carries a specific constitutional significance, and is more than a mere aggravation or generic carping about being charged with a crime. The hurdle a defendant must clear to establish government misconduct so egregious that Fifth Amendment due process concerns are implicated is exceptionally high. Railey fails even to get within shouting distance of his hurdle, much less clear it.

---

[1] "Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed ." United States v. Williams, 547 F.3d 1187, 1199 (9th Cir. 2008)

1

The concept of outrageous misconduct "can only be invoked in the rarest and most outrageous circumstances." United States v. Tobias, 662 F.2d 381, 387 (11th Cir. 1981). "The case law emphasizes the extreme circumstances that must exist before a due process violation will be found: law enforcement techniques will be deemed unconstitutional only if they violate that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." United States v. Savage, 701 F.2d 867, 868 (11th Cir. 1983). (quotations omitted). Cases in which the government's conduct rises to that level of outrageousness are exceedingly rare. Id. at 869. In fact, "[n]either the Supreme Court nor the Fifth nor Eleventh Circuits has ever reversed a case on this ground." United States v. Haimowitz 725 F.2d 1561 (1984); United States v. Valencia Vergara, 264 Fed.Appx. 832, 834 (11th Cir. 2008) ("neither this Court nor the Supreme Court has reversed a conviction because of a failure to dismiss a case based on government misconduct"). Moreover, "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." United States v. Morrison, 449 U.S. 361 (1981).

The vast majority of decisions on the issue of outrageous government conduct relate to undercover law enforcement operations, and the extent to which such activities might exceed due process bounds. Because there were no undercover activities in this case, and it was an entirely reactive investigation initiated following the commission of the crimes, the traditional analysis of outrageous government conduct claims is inapplicable. Instead, Railey attempts to mold a generalized claim of constitutionally-impermissible government conduct. Though Railey meanders through interview transcripts, complains that photos have no "Coke can" scale, and closes with a rousing passage from a vacated opinion by Justice Brandeis, the gravamen of his

complaint is the timing of the superseding indictment.  "[W]hy would the government wait until one week prior to the final pre-trial conference to bring additional charges," Railey ponders. Projecting some nefarious design by the United States, he asks rhetorically, "What could be more outrageous than the government of the United States of America obtaining a superseding indictment that it knows can not be proved simply to aid its effort to convict the Defendant on other charges?"

Railey, of course, knows the answer to these deep thoughts, because he was told on January 5 that the United States had uncovered additional evidence in its ongoing investigation and that a superseding indictment was likely forthcoming.  The United States has been absolutely clear from the outset with Railey that the investigation in this case is ongoing.  The fact that the superseding indictment was not returned until January 27 was hardly a manifestation of an evil scheme to spring a last-minute surprise on Railey.  Instead, it was a result of the fact that the Grand Jury in this district meets once a month, and January 26-27 was the first opportunity to present the new evidence and charges.  It is unlikely that there was anyone less surprised by the fact or timing of the superseding indictment than Railey himself, since it was frankly and openly discussed in the weeks leading up to it.

Far from being an unconstitutional infringement on Railey's due process rights, the return of the superseding indictment was nothing more than the result of the ongoing investigation, of which Railey was acutely aware.  The timing was the result of the Grand Jury schedule set a year in advance, and, in any event, Railey was informed of the likelihood and nature of the additional charges more than three weeks before they were brought.  Railey's protestations notwithstanding, the conduct of the United States was entirely unremarkable, and certainly not outrageous.  There

was utterly no impingement of his due process rights, and Railey has neither alleged nor suffered any prejudice, and therefore his motion to dismiss the superseding indictment is due to be denied.

        Respectfully Submitted,

        KENYEN R. BROWN
        UNITED STATES ATTORNEY

        By: /s/ Sean P. Costello
        Sean P. Costello (COSTS3753)
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845
        Facsimile: (251) 441-5277
        E-mail: sean.costello@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on February 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for defendant.

        /s/ Sean P. Costello
        Sean P. Costello
        Assistant United States Attorney