IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN ALLEN RAILEY,    ) | |
|     Petitioner/Defendant    ) | |
|     ) | |
| v.    ) | CRIMINAL NO. 10-00266-CG |
|     ) | |
| UNITED STATES OF AMERICA,    ) | |
|     Respondent.    ) | |

### UNITED STATES'S RESPONSE TO RAILEY'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now the United States of America, by and through Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and responds to Nathan Allen Railey's Objection to the Magistrate Judge's Report and Recommendation (R&R).  Doc. 255.

For the most part, Railey simply makes general objections to the Magistrate Judge's conclusions, and asserts no new, substantive arguments that are not already covered in the exhaustive R&R.  *See, e.g.*, Doc. 255 at 11 ("Railey objects to the Magistrate Judge's rejection of his interstate commerce argument and stands by his argument in the petition and supporting pleadings."). Railey's "overarching objection," *id.* at 2, is to the Magistrate Judge's determination that his former attorney, Chase Dearman,

1

provided credible testimony during the evidentiary hearing conducted in this matter.

To that end, Railey suggests that this Court should conduct another hearing to make an independent assessment of Dearman's credibility. However, the Court is free to accept the credibility determination of the Magistrate Judge, and it is under no obligation to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636(b)(1) "calls for a *de novo* determination, not a *de novo* hearing. We find nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'"), *id.* at 676 n.3 ("[T]o construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."). It is only when the district court intends to *reject* the magistrate's credibility determination must it rehear the disputed testimony. *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001).

Here, the Magistrate Judge heard Dearman's live testimony and personally observed his demeanor, and its credibility finding was consistent with the evidence and record in this case. Railey has not demonstrated that this is one of those "rare case[s]" where a transcript of the hearing would reveal an "articulable basis for rejecting the magistrate's original resolution of credibility." *Cofield*, 272 F.3d at 1305-06; *see also Almong & Almong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1248-50 (11th Cir. 2006) (noting that to the extent the magistrate's findings turn on evaluations of credibility or "demeanor-intensive fact finding," those findings should not be rejected lightly, as "the raw transcript of the hearing" does not capture the "nuances of the testimony or the demeanor of the witnesses.").

Accordingly, the United States respectfully submits that this Court should adopt the Magistrate Judge's thorough R&R in full without another hearing.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By:

*s/ Adam W. Overstreet*
Adam W. Overstreet
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone:  (251) 441-5845
Fax:  (251) 441-5051
E-mail: adam.overstreet@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that, on March 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to any counsel of record, as well as defendant at his last known address.

*s/ Adam W. Overstreet*
Adam W. Overstreet